UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DERRICK RICHARDSON, ) | |
| ) | Case No. 1:18-cv-89 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| MIKE PARRIS and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| TENNESSEE, ) | |
| ) | |
| *Respondents*. ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent Mike Parris has filed a motion to transfer this habeas corpus petition to the United States Court of Appeals for the Sixth Circuit for authorization to file a second or successive petition (Doc. 12). For the reasons that follow, Respondent Parris's motion (Doc. 12) will be **GRANTED** and the Clerk will be **DIRECTED** to **TRANSFER** Petitioner's filing (Doc. 1) to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

I.  **BACKGROUND**

Sometime in 1992 or 1993, a jury found Petitioner guilty of first-degree felony murder.[1] Petitioner received a life sentence, which was affirmed on direct appeal. *See State v.*

---

[1] The record is unclear as to the exact dates of Petitioner's trial and conviction. In his § 2254 petition, Petitioner identifies his judgment date as December 10, 1992. (Doc. 1.) However, Petitioner's direct criminal appeal describes that the underlying murder occurred on December 8, 1993, and does not identify the conviction date. *See State v. Richardson*, 1994 WL 247114 (Tenn. Crim. App. June 9, 1994) (No. 03C01–9305–CR00165), *appeal denied*, (Sept. 12, 1994). The appeal of the denial of his state post-conviction petition, however, also reflects that

*Richardson*, No. 03C01-9305-CR-00165, 1994 WL 247114, at *1 (Tenn. Crim. App. June 9, 1994) (No. 03C01–9305–CR00165), *perm. appeal denied*, (Sept. 12, 1994). He then filed a petition for post-conviction relief in state court, which was denied. *Richardson v. State*, No. 03C01-9605-CR-00186, 1998 WL 18199 (Tenn. Crim. App. Jan. 21, 1998), *perm. appeal denied*, (Tenn. June 8, 1998). While his post-conviction petition was still pending in state court, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Tennessee, which was transferred to the United States District Court for the Eastern District of Tennessee. After transfer, the district court dismissed the petition without prejudice for failure to exhaust state-court remedies. *See Richardson v. Conley*, No. 1:97-cv-00318 (E.D. Tenn. Nov. 14, 1997), ECF No. 10.

After exhausting his state-court remedies, Petitioner filed a subsequent habeas corpus petition, which was dismissed.[2] *Richardson v. Hesson*, No. 1:98-cv-00428 (E.D. Tenn. July 13, 2000), ECF. No. 17. Petitioner then filed a motion to reopen his state post-conviction proceedings, the denial of which was affirmed on appeal. *Richardson v. State*, No. E2002-02747-CCA-R28-PC (Tenn. Crim. App. Mar. 11, 2003). A few years later, Petitioner filed a petition for writ of habeas corpus in state court. The Court of Criminal Appeals affirmed the denial of that petition because it did not state cognizable grounds for relief. *Richardson v. Lewis*,

---

Petitioner was convicted of first-degree murder on December 10, 1992. *See Richardson v. State*, 1998 WL 18199 (Tenn. Crim. App. Jan.21, 1998) (No. 03C01–9605–CR–00186), *appeal denied*, (June 8, 1998). According to the appeal of the denial of his state petition for a writ of habeas corpus, Petitioner was convicted in January of 1993. *See Richardson v. Lewis*, 2006 WL 3479530 (Tenn. Crim. App. Dec.1, 2006). The Court's best estimate is that Petitioner was convicted sometime in 1992 or early 1993.

[2] The dismissal order is not available on the docket. However, it appears that the dismissal was premised on the grant of the respondent's motion to dismiss and for summary judgment. The docket also states that the petition challenged his judgment in Hamilton County Criminal Case No. 191069, the same judgment challenged in the instant petition.

No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *1 (Tenn. Crim. App. Dec. 1, 2006). Five years later, Petitioner filed another habeas corpus petition in this Court, which was dismissed as untimely. *Richardson v. Bell*, No. 1:10-cv-00228, 2011 WL 6826401 (E.D. Tenn. Dec. 28, 2011).

After that habeas corpus petition was dismissed, Petitioner again filed motions to reopen his post-conviction proceedings in state court; those motions were denied, and the consolidated appeal was dismissed for failure to file a proper application for permission to appeal. *See Richardson v. State*, No. E2014-01554-CCA-R3-PC, 2015 WL 1305759 (Tenn. Crim. App. Mar. 20, 2015). Petitioner also filed a petition for writ of error coram nobis, alleging the discovery of new evidence. That petition was denied after an evidentiary hearing, and the Court of Criminal Appeals affirmed the denial. *Richardson v. State*, No. E2016-02293-CCA-R3- ECN, 2017 WL 4773438 (Tenn. Crim. App. Oct. 23, 2017), *perm. app. denied*, (Tenn. Mar. 15, 2018). Finally, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 requires a petitioner bringing a second or successive petition for habeas corpus relief to move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). When a second or successive petition is filed in this Court without prior authorization under § 2244(b)(3), it must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also United States v. Kirkpatrick*, No. 1:96-CR81, 2009 WL 2823658, at *1 (E.D. Tenn. Aug. 28, 2009) ("At this juncture, [Petitioner] cannot file a second or successive [petition for habeas corpus] unless he obtains authorization

from the Sixth Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3) . . . ."). As is clear from the procedural history of this case, Petitioner has previously filed at least one petition for habeas corpus relief.³ *See Richardson v. Bell*, No. 1:10-cv-00228, 2011 WL 6826401 (E.D. Tenn. Dec. 28, 2011). This Court has not received an order from the Sixth Circuit authorizing it to consider the pending petition, and it is, therefore, "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Accordingly, the Clerk will be **DIRECTED** to **IMMEDIATELY TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

III. CONCLUSION

For the reasons stated above, Respondent Parris's motion (Doc. 12) will be **GRANTED** and the Clerk is **DIRECTED** to **TRANSFER** Petitioner's filing (Doc. 1) to the United States Court of Appeals for the Sixth Circuit.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                     */s/ Travis R. McDonough*
                                     **TRAVIS R. MCDONOUGH**
                                     **UNITED STATES DISTRICT JUDGE**

---

³ It is also clear that Petitioner is challenging the same conviction he challenged in his previous petition for habeas corpus relief, so there is no basis for "restart[ing] the second or successive count." *See In re Stansell*, 828 F.3d 412, 416–17 (6th Cir. 2016).

4